# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

SABAL TRAIL TRANSMISSION, LLC,

        Plaintiff,

        Case No. 6:16-cv-473-Orl-37-DAB

v.

        Tract Nos: HT125-FL-OS-017.000

+/- 6.11 ACRES OF LAND IN         HT125-FL-OS-018.000
OSCEOLA COUNTY, FLORIDA;         HT125-FL-OS-019.000
WYNDHAM PALMS MASTER
COMMUNITY ASSOCIATION, INC.;
and UNKNOWN OWNERS, IF ANY,

        Defendants.

_____

## STIPULATED FINAL JUDGMENT OF CONDEMNATION

On **February 2, 2016**, the Federal Energy Regulatory Commission ("**FERC**") issued an order which, among other things, granted to Plaintiff Sabal Trail Transmission, LLC ("**Plaintiff**") a Certificate of Public Convenience and Necessity ("**FERC Certificate**"), authorizing Plaintiff to construct and operate facilities for transporting natural gas in interstate commerce—the Sabal Trail Project ("**Project**"). (*See* Doc. 1; Doc. 1-4.) Pursuant to the Natural Gas Act, 15 U.S.C. §§ 717–717z, and based on the FERC Certificate, Plaintiff filed several land condemnation actions throughout the U.S. District Courts for the Middle District of Florida to acquire the easements necessary to complete the Project. (Doc. 1.) In this action, the parties have filed a Joint Motion for Entry of Stipulated Final Judgment of Condemnation (Doc. 22), filed May 20, 2016, which is due to be granted.

Accordingly, it is hereby **ORDERED, ADJUDGED, and DECREED**:

1.      This Court has jurisdiction pursuant to the Natural Gas Act.

2.      Joint Motion for Entry of Stipulated Final Judgment of Condemnation (Doc. 22) is **GRANTED**.

3.      Sabal Trail Transmission, LLC has properly exercised its power of eminent domain.

4.      Thirty thousand dollars ($30,000.00) is just compensation for the parcels at issue in this action—HT125-FL-OS-017.000, HT125-FL-OS-018.000, and HT125-FL-OS-019.000.

5.      Upon payment by Sabal Trail Transmission, LLC of $30,000.00 into the registry of the Court, title to the Subject Easements—which are provided at (Doc. 1-2) and at **Exhibit 1** to this Stipulated Final Judgment of Condemnation—shall become vested in Sabal Trail Transmission, LLC.

6.      The Clerk of the Court is **DIRECTED** to terminate all pending matters and to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 3, 2016.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Unrepresented Parties

Magistrate Judge David A. Baker

**EXHIBIT 1**

GRANT OF EASEMENT

STATE OF [*STATE*]

COUNTY OF *<COUNTY>*                                        TRACT NO. **<Tract No.>**

KNOWN ALL BY THESE PRESENTS: that the undersigned **<Owner>**, whose address for purpose of this grant is **<Address>** (hereinafter called "Grantor", whether one or more), for and in consideration of the sum of Ten and 00/100 Dollars ($10.00) and other valuable consideration paid by Sabal Trail Transmission, LLC, a Delaware limited liability company, whose address is 5400 Westheimer Court, Houston, Texas (hereinafter called "Grantee"), the receipt and sufficiency of which are hereby acknowledged, does hereby give, grant, bargain, sell and convey unto Grantee, its successors and assigns, a permanent right-of-way and easement ("Right-of-Way") for the purpose of constructing, laying, maintaining, operating, inspecting, altering, repairing, replacing, removing, reconstructing, relocating, and abandoning a pipeline, from time to time, and any and all necessary or useful appurtenances thereto, including but not limited to fittings, cathodic protection and AC mitigation devices, pipeline markers, pipeline data acquisition and telecommunication equipment, electric service for same, and other appurtenant facilities whether above or below ground ("Pipeline Facilities"), all of which shall be and remain the property of Grantee, for the transportation of natural gas through the following described land(s):

**<Insert the legal description of the parent tract>** ("Grantor's Land").

The lands included in this Grant of Easement shall include, in addition to the above described lands, all land, if any, contiguous or adjacent to or adjoining the above described land that is owned by Grantor by an unrecorded instrument upon which the Pipeline Facilities, the Right-of-Way, and/or any Temporary Workspace, as hereinafter defined, may be located.

The Right-of-Way herein granted shall be a total width of fifty feet (50') as generally shown on the plat which is attached hereto as Exhibit "A" and made part hereof and shall include, as applicable, such other areas as generally shown on Exhibit A as permanent easement areas and/or permanent access roads.  The location of said Right-of-Way shall be fixed by the pipeline as initially installed on Grantor's Land.

Grantor also grants to Grantee, its successors and assigns, a temporary easement for the use as temporary work space ("Temporary Workspace") adjacent to the Right-of-Way and, if applicable, a temporary access road to facilitate the construction of the Pipeline Facilities all of which is generally shown on the attached drawing and described as "Temporary Workspace" or "Temporary Access Road." The Temporary Workspace and, if applicable, the Temporary Access Road will expire and revert back to Grantor twenty-four (24) months after the Pipeline Facilities are placed in service.

This Grant of Easement shall include, and Grantee shall have, all other rights and benefits necessary or convenient for the full enjoyment of the use of the rights herein granted, including but not limited to: the rights to remove, clear and to keep clear, at any time in Grantee's sole and absolute discretion and with no additional compensation to Grantor, all buildings, walls or similar structures, above or below ground swimming pool, decks, pipelines and conduits, septic systems, leach fields, wells, rocks, trees, brush, limbs and any other structures or obstructions in or on the Right-of-Way which might interfere with the use of the Right-of-Way or the free and full right of ingress and egress; and to do any other lawful activities which are incidental to or helpful for the intended uses of the Right-of-Way set forth above. After the Pipeline Facilities have been constructed hereunder, Grantee shall not be liable for such damages in the future caused by keeping the Right-of-Way clear.

Grantor shall not change the grade of, excavate, fill or flood the Right-of-Way, or interfere with the Grantee's vegetative maintenance activities to the extent deemed necessary by Grantee.

The rights, title and privileges herein granted may, in whole or in part, be sold, leased, assigned, pledged, and mortgaged, and shall be binding upon and inure to the benefit of the parties hereto, their respective heirs, executors, administrators, successors, assigns and legal representatives.

The failure of Grantee to exercise any rights herein conveyed in any single instance shall not be considered a waiver of such rights and shall not bar Grantee from exercising any such rights in the future, or if necessary, seeking an appropriate remedy in conjunction with such rights.

**EXHIBIT A**
SEC. 16, T-25-S, R-27-E
OSCEOLA COUNTY, FLORIDA



WYNDHAM PALMS MASTER
COMMUNITY ASSOCIATION, INC.,
A FLORIDA NOT-FOR-PROFIT
CORPORATION
TRACT NO. HT125-FL-OS-017.000
PIN NO.16-25-27-5600-0001-00J5

95'±

131' X 15'
ADDITIONAL
TEMPORARY
WORKSPACE

235' X 15'
ADDITIONAL
TEMPORARY
WORKSPACE

PROPOSED 50' WIDE
PERMANENT EASEMENT

PROPOSED PIPELINE

35'
50'
25'
15'

278'±

LENGTH OF PROPOSED PIPELINE . . . . . . . . . . . . . . . . . 1,082.1'

AREA OF PERMANENT EASEMENT . . . . . . . . . . . . . . . . 1.24 AC.

AREA OF TEMPORARY WORKSPACE EASEMENT . . . . . . . . . 0.64 AC.

AREA OF ADDITIONAL TEMPORARY WORKSPACE EASEMENTS . . . 0.12 AC.

THE INFORMATION SHOWN ON THIS DRAWING IS DERIVED FROM A FIELD
SURVEY BASED ON NAD83 UTM ZONE 17N PERFORMED BY SABAL TRAIL
TRANSMISSION FOR THE SOLE PURPOSE OF CREATING A RIGHT-OF-WAY
AND REPRESENTS THE CONDITIONS AS THEY EXISTED ON THE GROUND
AS OF THE SURVEY. PROPERTY BOUNDARIES SHOWN ARE BASED ON
INFORMATION RECEIVED FROM A THIRD PARTY, AND THE PROPOSED
PIPELINE LOCATION IS BASED ON FIELD SURVEY. THE PROPOSED
EASEMENT SHOWN SHALL BE FIXED AND DETERMINED BY THE INITIALLY
INSTALLED PIPELINE.

0     200     400     600
SCALE IN FEET

**Sabal Trail**
TRANSMISSION

| DRAWN BY: | GIE | DATE: | 03/09/2015 |
|---|---|---|---|
| CHECKED BY: | MET | DATE: | 03/13/2015 |
| SCALE: | 1"=200' | W.O.: | |

SABAL TRAIL TRANSMISSION
PROPOSED PIPELINE
CROSSING PROPERTY OF WYNDHAM PALMS
MASTER COMMUNITY ASSOCIATION, INC.

OSCEOLA COUNTY,                    FLORIDA

| 0 | ISSUED FOR ACQUISITION | 03/13/2015 | DRAWING NUMBER: | HT125-FL-OS-017.000 | SHEET NO. 1 OF 1 | REV. 0 |
|---|---|---|---|---|---|---|
| REV. | DESCRIPTION | DATE | | | | |

1657-PL-DG-30033

11:43:34 AM      3/13/2015      pattersonville.ctb



WYNDHAM PALMS MASTER COMMUNITY
ASSOCIATION, INC., A FLORIDA
NOT-FOR-PROFIT CORPORATION
TRACT NO. HT125-FL-OS-018.000
PIN NO. 16-25-27-5600-0001-00J4

20'±

PROPOSED 50' WIDE
PERMANENT EASEMENT

PROPOSED PIPELINE

25'
15'
35'
50'

233'±

LENGTH OF PROPOSED PIPELINE . . . . . . . . . . . . . . . . . .   753.7'
AREA OF PERMANENT EASEMENT . . . . . . . . . . . . . . . . .   0.86 AC.
AREA OF TEMPORARY WORKSPACE EASEMENT . . . . . . . . . .   0.42 AC.
AREA OF ADDITIONAL TEMPORARY WORKSPACE EASEMENTS . . .   0.00 AC.

0         200        400        600
SCALE IN FEET

THE INFORMATION SHOWN ON THIS DRAWING IS DERIVED FROM A FIELD
SURVEY BASED ON NAD83 UTM ZONE 17N PERFORMED BY SABAL TRAIL
TRANSMISSION FOR THE SOLE PURPOSE OF CREATING A RIGHT-OF-WAY
AND REPRESENTS THE CONDITIONS AS THEY EXISTED ON THE GROUND
AS OF THE SURVEY. PROPERTY BOUNDARIES SHOWN ARE BASED ON
INFORMATION RECEIVED FROM A THIRD PARTY, AND THE PROPOSED
PIPELINE LOCATION IS BASED ON FIELD SURVEY. THE PROPOSED
EASEMENT SHOWN SHALL BE FIXED AND DETERMINED BY THE INITIALLY
INSTALLED PIPELINE.

| DRAWN BY: | GIE | DATE: | 03/09/2015 |
| CHECKED BY: | MET | DATE: | 03/13/2015 |
| SCALE: | 1"=200' | W.O.: | |

**Sabal Trail**
TRANSMISSION℠

SABAL TRAIL TRANSMISSION
PROPOSED PIPELINE
CROSSING PROPERTY OF WYNDHAM PALMS MASTER COMMUNITY
ASSOCIATION, INC., A FLORIDA NOT-FOR-PROFIT CORPORATION
OSCEOLA COUNTY,                                        FLORIDA

| 0 | ISSUED FOR ACQUISITION | 03/13/2015 |
| REV. | DESCRIPTION | DATE |

DRAWING
NUMBER: HT125-FL-OS-018.000

| SHEET NO. | REV. |
| 1 OF 1 | 0 |

1657-PL-DG-30034

11:48:31 AM       3/13/2015       pattersonville.ctb



WYNDHAM PALMS MASTER COMMUNITY
ASSOCIATION, INC., A FLORIDA
NOT—FOR—PROFIT CORPORATION
TRACT NO. HT125—FL—OS—019.000
PIN NO. 16—25—27—5600—0001—00J0

0.02 ACRES
ADDITIONAL
TEMPORARY
WORKSPACE

PROPOSED PIPELINE

PROPOSED 50' WIDE PERMANENT EASEMENT

PROPOSED 50' WIDE PERMANENT EASEMENT

PROPOSED PIPELINE

PROPOSED 50' WIDE PERMANENT EASEMENT

DETAIL
NOT TO SCALE

SEE DETAIL

LENGTH OF PROPOSED PIPELINE . . . . . . . . . . . . . . . . . . 1,634.3'
AREA OF PERMANENT EASEMENT . . . . . . . . . . . . . . . . . 1.92 AC.
AREA OF TEMPORARY WORKSPACE EASEMENT . . . . . . . . . 0.89 AC.
AREA OF ADDITIONAL TEMPORARY WORKSPACE EASEMENTS . . . 0.02 AC.

0      300      600      900
SCALE IN FEET

THE INFORMATION SHOWN ON THIS DRAWING IS DERIVED FROM A FIELD
SURVEY BASED ON NAD83 UTM ZONE 17N PERFORMED BY SABAL TRAIL
TRANSMISSION FOR THE SOLE PURPOSE OF CREATING A RIGHT—OF—WAY
AND REPRESENTS THE CONDITIONS AS THEY EXISTED ON THE GROUND
AS OF THE SURVEY. PROPERTY BOUNDARIES SHOWN ARE BASED ON
INFORMATION RECEIVED FROM A THIRD PARTY, AND THE PROPOSED
PIPELINE LOCATION IS BASED ON FIELD SURVEY. THE PROPOSED
EASEMENT SHOWN SHALL BE FIXED AND DETERMINED BY THE INITIALLY
INSTALLED PIPELINE.

| DRAWN BY: | GIE | DATE: | 03/09/2015 |
| CHECKED BY: | AC | DATE: | 04/23/2015 |
| SCALE: | 1"=300' | W.O.: | |

Sabal Trail
TRANSMISSION℠

SABAL TRAIL TRANSMISSION
PROPOSED PIPELINE
CROSSING PROPERTY OF WYNDHAM PALMS MASTER COMMUNITY
ASSOCIATION, INC., A FLORIDA NOT—FOR—PROFIT CORPORATION
OSCEOLA COUNTY,                                         FLORIDA

| 1 | RE—ISSUED FOR ACQUISITION | 04/23/2015 |
| 0 | ISSUED FOR ACQUISITION | 03/16/2015 |
| REV. | DESCRIPTION | DATE |

DRAWING NUMBER: HT125—FL—OS—019.000

SHEET NO. 1 OF 1

REV. 1

1657—PL—DG—30035